UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Technicalpeople.com Inc., )<br>)<br>         Plaintiff, )<br>)<br>v. )<br>)<br>Indeed, Inc., )<br>)<br>         Defendant, ) | Case No. 1:21-cv-05846<br><br>Hon. Dist. Judge<br><br>Hon. Mag. Judge |

## Complaint

Plaintiff Technicalpeople.com, Inc. ("Plaintiff" or "Technical People" or "TP") by and through its undersigned counsel, hereby brings this Complaint against Defendant Indeed, Inc. ("Indeed", "Indeed.com" or "Defendant").

### Nature of the Action

1. Plaintiff, a world-renowned job placement service-based company and the owner of Technicalpeople.com, files this Complaint against Defendant Indeed, Inc., for federal trademark infringement, false designation of origin, passing off, and unfair competition under the Lanham Act, and violations of the Illinois Uniform Deceptive Trade Practices Act.

### Parties

2. Plaintiff is an Illinois corporation located at 332 S. Michigan Ave., Suite #121-T627 Chicago, IL 60604, that offers its job placement and networking services across the United States, including Illinois. Plaintiff has an additional office located at 1919 E Melissa Rd., Melissa, TX 75454.

3. Defendant Indeed, Inc. is a Texas corporation located at 6433 Champion Grandview Way, Building 1, Austin, TX, 78750 doing business, on information and belief, in all 50 states.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1338 (for claims arising under the Lanham Act).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), and this Court may properly exercise personal jurisdiction over Defendant, because this is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred including, without limitation, Defendant's infringements of Plaintiff's protected trademarks within this judicial district. Defendant is, without authorization, using Plaintiff's trademarks and confusingly similar versions thereof to offer services for sale and soliciting customers in Illinois and this Judicial District.

## Plaintiff's Staffing, Job Searching, and Job Hiring Services

6. Plaintiff Technicalpeople.com, Inc. was incorporated on June 4, 2008, in the state of Illinois and acts as an employment agency service based in Chicago, Illinois.

7. Plaintiff has used its trademark Technical People® since May 28, 2008 and secured the domain name www.technicalpeople.com at approximately the same time.

8. Since June 2008, employers and candidates referred to Technicalpeople.com, Inc. as being Technical People®.

9. On December 4, 2013, Plaintiff was granted an assumed name certificate in the state of Illinois. A true and correct copy is hereby attached as **Exhibit A**.

## Plaintiff's Technical People® Trademarks

10. Plaintiff Technicalpeople.com, Inc. is the owner of all right, title, and interest in and to, *inter alia*, the trademarks set forth below:

| Reg. No. | Trademark | Services |
|---|---|---|
| 6,209,867 | TECHNICAL PEOPLE | IC 35 Employment agency services relating to temporary, part-time and permanent placement of personnel; Consultation in the |

|  |  | field of personnel management, selection, recruitment and employment agency services for temporary, short-term and permanent personnel; providing qualified technical personnel on a temporary and contract basis, namely, personnel placement; Providing on-line information in the fields of employment and personnel recruitment; Providing on-line employment information in the field of job resources and listings; Providing a database of resumes of prospective employees. |
|---|---|---|

the "TP Mark"). True and correct copies of the registration certificate of the TP Mark is attached hereto as **Exhibit B**.

11. The TP Mark is well-known to the public, legally valid, and subsisting, and owned exclusively by Plaintiff.

12. Plaintiff's hiring and staffing services have been widely advertised and extensively offered for sale under the TP Mark. As a result of Plaintiff's widespread and extensive use of the TP Mark, and the public's widespread and favorable acceptance and recognition of them, the TP Mark has become assets of substantial value as a symbol of Plaintiff, its quality of services, and reputation.

13. Plaintiff has invested significant time, money, and other resources advertising and promoting its hiring and staffing services using the TP Mark in order to achieve the success it now enjoys. As a result of Plaintiff's investment, the TP Mark has become synonymous with high-quality services in its industry and related fields. Plaintiff's TP Mark has become well known and is in great demand throughout the U.S. and the world.

14. Plaintiff has invested significant time, money, and other resources on internet marketing, including search engine optimization ("SEO") strategies, Google and Bing AdWords, and digital marketing to increase visibility on the Internet.

15. Plaintiff has extensively and continuously advertised and promoted its services to the public through various means, including but not limited to, print and web-based advertisements.

Further, Plaintiff's hiring and staffing services have received widespread, unsolicited, consumer and industry recognition and acclaim.

16. As a result of such advertising and attention, the public has come to recognize Plaintiff's services bearing the TP Mark as originating solely from Plaintiff.

## Plaintiff and Defendant's Former Relationship

17. Plaintiff and the Defendant Indeed.com began a mutually beneficial business arrangement in 2011 where the Defendant would allow Plaintiff to share its Technical People® job postings, via an XML feed, on the Defendant's Indeed.com's aggregator website at no cost.

18. At the time, Defendant Indeed.com was the largest job search engine in the world, and the arrangement was mutually beneficial as it allowed Plaintiff to reach a wider market share while the Defendant benefited from increased web-traffic to its site.

19. From approximately July of 2018 to January of 2019, Plaintiff and the Defendant exchanged several correspondences, by email and by telephone, wherein a more formal partnership between Plaintiff and Defendant was discussed. A true and accurate copy of emails sent between the Plaintiff's principal and Defendant Indeed.com on July 17, 2018, and October 18, 2018 evidencing the ongoing discussions of this potential partnership is attached hereto as Exhibit C.

20. On or about January 7, 2019, Defendant Indeed.com decided to cease allowing the Plaintiff to upload its Technical People® job postings onto Defendant's site via an XML feed and the parties continued to discuss developing a more formal business relationship, including switching Plaintiff's site to a private label Indeed platform. This formal partnership included the possibility that Defendant Indeed.com would potentially license the TP Mark from the Plaintiff. A true and accurate copy of an email sent by Plaintiff's principal on January 14, 2019, to Defendant Indeed.com memorializing this conversation is attached hereto as **Exhibit D**.

21. On April 3, 2019, and April 17, 2019, Plaintiff's principal discussed with Defendant's agent, Diana Bonacci, several postings being displayed on Indeed.com using the Plaintiff's TP Mark. This conversation clearly and explicitly communicated to Defendant's Search Engine Optimization team Plaintiff's exclusive rights to the TP Mark. A true and accurate copy of this correspondence is attached hereto as **Exhibit E**.

22. On January 8, 2020, Plaintiff discovered that Defendant Indeed.com was using its TP Mark without authorization to sell/offer the Defendant's services. Plaintiff politely requested that the Defendant cease this activity. A true and correct copy of this correspondence is hereby attached as **Exhibit F**.

23. On December 15, 2020, Plaintiff discovered additional infringing uses of the Plaintiff's TP Mark by the Defendant. Plaintiff, once again, requested the Defendant cease this activity. A true and correct copy an email memorializing this correspondence that took place during a teleconference is hereby attached as **Exhibit G**.

### Defendant's Infringing Actions

24. Defendant offers competing hiring and staffing services to both job-seekers and hiring entities. On information and belief, the Defendant offers services in the range of job searching, job placement, job hiring services, and employment agency services.

25. Defendant is not a licensee of any of Plaintiff's trademarks, copyrights, or other intellectual property rights and Defendant does not source any products or services from Plaintiff.

26. Defendant offers to provide its employment agency and job searching services into this Judicial District. A true and correct copy of screenshots of this activity being offered online is attached hereto as **Exhibit H**.

27. Defendant's use of the TP Mark to offer its hiring and staffing services is identified herein as the Defendant is not licensed by Plaintiff to use and bear the TP Mark. A true and correct copy of multiple examples of the Defendant's infringing actions are attached hereto as **Exhibit I**.

28. In addition to explicitly using the Plaintiff's TP Mark to offer the Defendant's competing services, the Defendant has also utilized the TP Mark with various SEO and microtargeting functions on web-based search engines. Essentially, Defendant Indeed.com uses the Plaintiff's TP Mark to misdirect consumers searching for the Plaintiff's services and directs them Defendant Indeed.com. See the attached **Exhibit J**.

29. Compare a bing.com internet search in 2019 (pg. 1) for the Plaintiff's services "Technical People" with a search from July 1, 2021, (pg. 2) hereby attached as **Exhibit K**. The results exemplify a clear shift from the top search results being the Plaintiff's Technicalpeople.com to overwhelming directing consumers to Defendant Indeed.com. Defendant's SEO tactics using, without authorization, Plaintiff's TP Mark have been successful.

30. Defendant Indeed.com's advanced SEO team was explicitly made aware of Plaintiff's rights to the TP Mark as early as April 3, 2019. See **Exhibit E**.

31. On information and belief, Defendant has used the Plaintiff's TP Mark to unfairly optimize search engines (SEO tactics) to micro-target consumers including, but not limited to, explicit copying of Plaintiff's job postings all the while using the Plaintiff's TP Mark with no attribution to the posting originating from Plaintiff. See the attached **Exhibit L** demonstrating how Indeed.com copied a Technical People® job posting for a job in Newaygo, Michigan, while using the Plaintiff's TP Mark.

32. Defendant's intentional actions to hijack the Plaintiff's TP Mark have now caused multiple internet search engines (including Bing, Yahoo, AOL, and DuckDuckGo) to list Indeed.com as the No. 1 search result when an individual searches "Technical People". *See* **Exhibit M**.

33. Defendant is using the TP Mark in order to unfairly compete with Plaintiff and others for space within search engine results, thereby depriving Plaintiff of marketing which would otherwise be available to Plaintiff and reducing the visibility of Plaintiff's website on the World Wide Web.

34. Defendant's acts as set forth herein are likely to cause, and do cause, confusion, mistake, and deception as to the source or origin of Plaintiff's services with Defendant's, their activities, and their goods, and is likely to falsely suggest, and has already falsely suggested, a sponsorship, connection, license, or association between Plaintiff and Defendant. This confusion, mistake, and deception will immediately and irreparably injure and tarnish the goodwill and reputation that Plaintiff has diligently labored to establish in its services and business.

35. Defendant's activities have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff and its rights, including, but not limited to, injuring its business reputation and distinctive quality of the TP Mark.

36. Defendant's unauthorized acts are designed to divert, and will have the result of diverting customers and clients from Plaintiff to Defendant.

37. Defendant has been unjustly enriched as a result of their unauthorized use of the Plaintiff's TP Mark.

38. Defendant's activities have caused and, if not enjoined, will continue to cause irreparable harm to the public, who has an interest in being free from confusion, mistake, and deception.

39. Plaintiff has no adequate remedy at law.

### Count I - Trademark Infringement and Counterfeiting, 15 U.S.C. § 1114, 1116(d)

40. Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

41. Plaintiff's trademark infringement claims against Defendant are based on Defendant's unauthorized use in commerce of counterfeit imitations of the federally-registered TP Mark in

connection with the advertising, distribution, offering for sale, and sale of job searching and employment-related services.

42. The TP Mark is distinctive, and consumers have come to expect superior quality services advertised, performed, offered, and exchanged under Plaintiff's TP Mark.

43. Plaintiff is the exclusive owner of the TP Mark. Plaintiff's registrations for the TP Mark is in full force and effect.

44. Upon information and belief, Defendant is aware and has knowledge of Plaintiff's rights in the TP Mark and is willfully infringing and intentionally using the TP Mark to market, offer, and sell Defendant's competing services.

45. Defendant's willful, intentional, and unauthorized use of the TP Mark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of its competing services among the general public.

46. Defendant's activities constitute willful trademark infringement under 15 U.S.C. § 1114.

47. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of tis well-known TP Mark if Defendant's actions are not enjoined.

48. Defendant's wrongful advertisement, offering to sell, and sale of its employment-related services has directly and proximately caused injuries and damage to Plaintiff.

**Count II - False Designation of Origin, Passing Off, and Unfair Competition, 15 U.S.C. § 1125(a)**

49. Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

50. The TP Mark is a distinctive trademark.

51. Defendant's advertising, distribution, offering for sale, and exercise of its employment-related services using the TP Mark has created and is creating a likelihood of confusion, mistake, and

deception among the general public as to the affiliation, connection, and/or association with Plaintiff or the origin, sponsorship, or approval of Defendant's services by Plaintiff.

52. By using the TP Mark in association with the advertising, distribution, offering for sale, and sale of its employment-related services, Defendant creates a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of its competing services.

53. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of its employment-related services to the general public involves the willful use of spurious marks and is a willful violation of 15 U.S.C. § 1125(a). Plaintiff has no adequate remedy at all will suffer irreparable harm to its reputation and goodwill of its well-known TP Mark if Defendant's actions are not enjoined.

### Count III - Violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS §510, *et seq.*)

54. Plaintiff's rights as set forth above in this Complaint are the basis in part for this Count.

55. Defendant has engaged in acts which violate Illinois law including, without limitation: passing off its services as those of Plaintiff; causing a likelihood of confusion and/or misunderstanding as to the source of the services; causing a likelihood of confusion and/or misunderstanding as to the affiliation, connection, or association with genuine Technical People services; representing that Defendant's services have Plaintiff's approval when they do not; and engaging in conduct as described herein which creates a likelihood of confusion or misunderstanding among the public.

56. Defendant's foregoing acts constitute willful violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

57. Plaintiff has no adequate remedy at law and will suffer irreparable harm to its reputation and goodwill of its Technical People® services if Defendant's actions are not enjoined.

### Prayer For Relief

**WHEREFORE**, Plaintiff, Technical People Inc., prays for judgement against Defendant as follows:

**A.** That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

1. using the TP Mark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TP services or is not authorized by Plaintiff to be offered in connection with the TP Mark;

2. passing off, inducing, or enabling others to sell or pass off any product or service as a genuine Technical People service or any other service offered by Plaintiff that is not Plaintiff's or is not under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for the use of the TP Mark;

3. committing any acts calculated to cause consumers to believe that Defendant's Infringing Services are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

4. further infringing the TP Mark and damaging Plaintiff's goodwill;

5. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the TP Mark, or any reproductions, counterfeit copies, or colorable imitations thereof;

    6. using, linking to, transferring, selling, exercising control over, or otherwise owning a business that is being used to sell products, services, or inventory not authorized by Plaintiff which bear the TP Mark;

    7. operating, facilitating and/or hosting websites which are involved with the distribution, marketing, advertising, offering for sale, or sell products or inventory not authorized by Plaintiff which bear the TP Mark;

**B.** Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online platforms, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    1. disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods using the TP Mark;

    2. disable and cease displaying any advertisements used by or associated with Defendant in connection with the offer of goods or services using without authorization the TP Mark;

**C.** That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the TP Mark be increased by a sum not exceeding three times the amount thereof pursuant to 15 U.S.C. § 1117(a), 815 ILCS § 510/3;

**D.** In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for the unauthorized use of each TP Mark for each registered good or service;

E.  That Plaintiff be awarded its reasonable attorneys' fees and costs as available pursuant to 15 U.S.C. § 1117(a), 815 ILCS § 510/3, and other applicable law; and

F.  Award any and all other relief that this Court deems just and proper.

Dated: November 1, 2021

Respectfully submitted,

/s/Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
adamu@au-llc.com
Ph. (312) 715-7312
Fax (312) 646-2501

*Counsel for Plaintiff Technicalpeople.com Inc.*