**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

TECHNICALPEOPLE.COM INC.,

Plaintiff,

v.

INDEED, INC.,

Defendant.

Case No. 1:21-cv-05846

**ANSWER AND COUNTERCLAIM**

Defendant Indeed, Inc. ("Indeed" or "Defendant"), by its undersigned counsel, answers the complaint of plaintiff Technicalpeople.com Inc. ("Technical People" or "Plaintiff") as follows:

## RESPONDING TO THE COMPLAINT'S ALLEGATIONS

1. Indeed admits the allegations in paragraph 1 of the complaint, in that the complaint asserts the listed claims. Indeed denies the allegation that Plaintiff is a "world-renowned job placement service-based company" and lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff is the owner of Technicalpeople.com.

2. Indeed lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the complaint.

3. Indeed admits the allegations in paragraph 3 of the complaint that it has a location at 6433 Champion Grandview Way, Building 1, Austin, TX, 78750 and does business in all 50 states. Indeed denies the rest of paragraph 3 of the complaint.

4. Indeed admits the allegation in paragraph 4 of the complaint that the Court has subject matter jurisdiction over claims arising under the Lanham Act. Indeed denies the rest of paragraph 4 of the complaint.

5. Indeed denies the allegations in paragraph 5 of the complaint.

6. Indeed lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the complaint.

7. Indeed lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the complaint.

8. Indeed lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the complaint.

9. Indeed admits the allegation in paragraph 9 of the complaint that the attached Exhibit A appears to be an assumed name certificate in the state of Illinois dated December 4, 2013. Indeed denies the rest of paragraph 9 of the complaint.

10. Indeed admits the allegations in paragraph 10 of the complaint that Technicalpeople.com, Inc. is the record owner of U.S. Registration Nos. 6,209,867, which covers the listed trademark and services. Indeed denies the rest of Paragraph 10 of the complaint, and in particular that Plaintiff is the owner of any trademark rights in the mark TECHNICAL PEOPLE.

11. Indeed denies the allegations in paragraph 11 of the complaint.

12. Indeed denies the allegations in paragraph 12 of the complaint.

13. Indeed denies the allegations in paragraph 13 of the complaint.

14. Indeed lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the complaint.

15. Indeed lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the complaint.

16. Indeed denies the allegations in paragraph 16 of the complaint.

17. Indeed admits the allegations in paragraph 17 of the complaint.

18. Indeed admits the allegations in paragraph 18 of the complaint that "[a]t the time, Defendant Indeed.com was the largest job search engine in the world" and that "the arrangement . . . allowed Plaintiff to reach a wider market share". Indeed denies the rest of paragraph 18 of the complaint.

19. Indeed admits the allegations in paragraph 19 of the complaint that "[f]rom approximately July of 2018 to January of 2019, Plaintiff and the Defendant exchanged several correspondences, by email and by telephone." Indeed denies the rest of paragraph 19 of the complaint.

20. Indeed admits the allegations in paragraph 20 of the complaint that it ceased allowing Plaintiff and other similar business to upload job postings onto Indeed's site via XML

feed and that there were continued communications between the parties about their business relationship. Indeed denies the rest of paragraph 20 of the complaint.

21. Indeed admits the allegations in paragraph 21 of the complaint that in April 2019, Plaintiff's principal communicated with Defendant's agent, Diana Bonacci, regarding potential job postings for Plaintiff to place on Indeed's site. Indeed denies the rest of paragraph 21 of the complaint.

22. Indeed admits the allegations in paragraph 22 of the complaint that on January 8, 2020, Sean Murphy sent an email to Diana Bonacci at Indeed asserting that "Indeed is using our name *Technical People* without our permission." Indeed lacks knowledge or information sufficient to form a belief about when Plaintiff discovered the alleged use(s) that led to Mr. Murphy's email. Indeed denies the rest of paragraph 22 of the complaint.

23. Indeed admits the allegations in paragraph 23 of the complaint that on December 15, 2020, Sean Murphy sent an email to Diana Bonacci that includes the statement: "Also, in regards to our conversation today, I still appreciate Indeed loving the Technical People name and Trademark. As a reminder, it is only available to be used by Indeed or any other entity with a written agreement in place. I realize that you mentioned again today that you are not the person to speak to on this topic." Indeed lacks knowledge or information sufficient to form a belief about when Plaintiff discovered the alleged use(s) that led to Mr. Murphy's email. Indeed denies the rest of paragraph 23 of the complaint.

24. Indeed admits the allegation in paragraph 24 of the complaint that it offers "job searching . . . services." Indeed denies the rest of paragraph 24 of the complaint.

25. Indeed admits the allegations in paragraph 25 of the complaint.

26. Indeed admits the allegation in paragraph 26 of the complaint, in that it offers job searching services into this Judicial District. Indeed denies the rest of paragraph 26 of the complaint.

27. Indeed denies the allegations in paragraph 27 of the complaint.

28. Indeed denies the allegations in paragraph 28 of the complaint.

29. Indeed denies the allegations in paragraph 29 of the complaint.

30. Indeed denies the allegations in paragraph 30 of the complaint.

31. Indeed denies the allegations in paragraph 31 of the complaint.

32. Indeed denies the allegations in paragraph 32 of the complaint.

33. Indeed denies the allegations in paragraph 33 of the complaint.

34. Indeed denies the allegations in paragraph 34 of the complaint.

35. Indeed denies the allegations in paragraph 35 of the complaint.

36. Indeed denies the allegations in paragraph 36 of the complaint.

37. Indeed denies the allegations in paragraph 37 of the complaint.

38. Indeed denies the allegations in paragraph 38 of the complaint.

39. Indeed denies the allegations in paragraph 39 of the complaint.

40. Indeed denies the allegations in paragraph 40 of the complaint.

41. Indeed denies the allegations in paragraph 41 of the complaint.

42. Indeed denies the allegations in paragraph 42 of the complaint.

43. Indeed admits that Plaintiff is the record owner of U.S. Trademark Registration Nos. 5139249 and 6209867. Indeed denies the rest of paragraph 43 of the complaint.

44. Indeed denies the allegations in paragraph 44 of the complaint.

45. Indeed denies the allegations in paragraph 45 of the complaint.

46. Indeed denies the allegations in paragraph 46 of the complaint.

47. Indeed denies the allegations in paragraph 47 of the complaint.

48. Indeed denies the allegations in paragraph 48 of the complaint.

49. Indeed denies the allegations in paragraph 49 of the complaint.

50. Indeed denies the allegations in paragraph 50 of the complaint.

51. Indeed denies the allegations in paragraph 51 of the complaint.

52. Indeed denies the allegations in paragraph 52 of the complaint.

53. Indeed denies the allegations in paragraph 53 of the complaint.

54. Indeed denies the allegations in paragraph 54 of the complaint.

55. Indeed denies the allegations in paragraph 55 of the complaint.

56. Indeed denies the allegations in paragraph 56 of the complaint.

57. Indeed denies the allegations in paragraph 57 of the complaint.

## DEFENSES

### Fair Use

58. The complaint is barred in whole or in part on the grounds that Indeed has made fair use of the descriptive term "technical people," other than as a trademark.

### Estoppel and Laches

59. On information and belief, Plaintiff has been aware of Indeed's use of "technical people" since at least January 2020. Plaintiff's unreasonable delay in challenging the alleged infringement is prejudicial to Indeed, and as a result, Plaintiff's claims are barred, in whole or in part, under the equitable doctrines of estoppel and laches.

## COUNTERCLAIM

60. Defendant Indeed, Inc., by its undersigned counsel, for its counterclaims against plaintiff Technicalpeople.com Inc. alleges as follows:

### JURISDICTION

61. The Court has subject matter jurisdiction over Indeed's counterclaims under 28 U.S.C. § 1367(a) because they are so related to Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

62. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Plaintiff resides in this district and all counterclaim defendants reside in Illinois.

## PARTIES

63. Defendant-counterclaim plaintiff Indeed, Inc. is a Delaware corporation headquartered in Austin, Texas.

64. Plaintiff-counterclaim defendant Technicalpeople.com, Inc. is an Illinois corporation located at 332 S. Michigan Ave., Suite #121-T627 Chicago, IL 60604, that offers its services in Illinois, and in this District.

## FACTS

65. Plaintiff is the owner of U.S. Trademark Registration No. 5139249 on the Supplemental Register for: "Employment agency services relating to temporary, part-time and permanent placement of personnel; Consultation in the field of personnel management, selection, recruitment and employment agency services for temporary, short-term and permanent personnel; providing qualified technical personnel on a temporary and contract basis, namely, personnel placement; Providing on-line information in the fields of employment and personnel recruitment; Providing on-line employment information in the field of job resources and listings; Providing a database of resumes of prospective employees."

66. Plaintiff's U.S. Trademark Registration No. 6209867 covers the same trademark and the same services as its U.S. Trademark Registration No. 5139249 and registered based on a

claim of acquired distinctiveness based on an alleged five years of substantially exclusive and continuous use of the mark in commerce.

67. Plaintiff's alleged TECHNICAL PEOPLE mark is merely descriptive of the services it provides, including without limitation: Employment agency services relating to temporary, part-time and permanent placement of personnel; Consultation in the field of personnel management, selection, recruitment and employment agency services for temporary, short-term and permanent personnel; providing qualified technical personnel on a temporary and contract basis, namely, personnel placement; Providing on-line information in the fields of employment and personnel recruitment; Providing on-line employment information in the field of job resources and listings; Providing a database of resumes of prospective employees.

68. The merely descriptive nature of the alleged TECHNICAL PEOPLE mark in connection with the services covered by Registration Nos. 5139249 and 6209867 is evidenced by the fact that the registrations were issued on the Supplemental Register (Reg. No. 5139249) and on a claim of acquired distinctiveness under Section 2(f) of the Lanham Act (Reg. No. 6209867).

69. Beyond the naked assertion in its application that "[t]he mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least the five years immediately before the date of this statement," Plaintiff has not provided any evidence that the descriptive TECHNICAL PEOPLE mark has acquired distinctiveness.

70. On information and belief, the consuming public does not associate Plaintiff's alleged TECHNICAL PEOPLE mark with a single source.

**Counterclaim - Cancellation of Plaintiff's Registration**

71. Indeed repeats and realleges paragraphs 60 through 70 hereof, as if fully set forth herein.

72. The designation "technical people" is merely descriptive of Plaintiff's services, and Plaintiff has not shown and cannot show that the designation has acquired distinctiveness.

73. As a descriptive designation without secondary meaning, "technical people" does not distinguish Plaintiff's services from those provided by Indeed and others in the job search and recruitment industry.

74. By claiming exclusive rights in the designation "technical people," Plaintiff seeks to prevent Indeed and others from using the descriptive designation to accurately describe job listings seeking technical people.

75. Therefore, Indeed is, and will continue to be, injured by U.S. Trademark Registration No. 6209867 for the descriptive designation "technical people" because it grants Plaintiff the right to exclude Indeed and others in the industry from using ordinary terminology to describe their job listings and other services.

76. Based on the foregoing, Respondent's registration of "technical people" exceeds the scope of permissible registration under 15 U.S.C. § 1052(e)(1), which prohibits registration of merely descriptive terms, and should be cancelled pursuant to Lanham Act § 37 (15 U.S.C. § 1119).

WHEREFORE, defendant Indeed, Inc., respectfully requests that the Court enter judgment as follows:

A. Dismissing plaintiff Technical People's claims with prejudice.

B. On Indeed's Counterclaim, ordering the cancellation of Trademark Registration No. 6209867 pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119).

C. Awarding defendant Indeed its reasonable costs and fees, including attorneys' fees pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

D. Granting defendant Indeed such other and further relief as the Court may deem just and proper.

Dated: December 28, 2021

**KING & SPALDING LLP**

/s/ Brent P. Ray

KING & SPALDING LLP
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
Tel. (312) 764-6925
Email: bray@kslaw.com

Brandon M. Ress *(pro hac vice to be filed)*
KING & SPALDING LLP
500 W. 2nd Street
Suite 1800
Austin, TX 78701
Tel. (512) 457-2045
Email: bress@kslaw.com

*Attorneys for Defendant Indeed, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing Answer and Counterclaim to be filed with the Clerk of the Court by using the CM/ECF system and electronically served upon counsel of record registered to receive notifications via the CM/ECF system on December 28, 2021.

Dated: December 28, 2021

*/s/ Brent P. Ray*
Brent P. Ray